UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JOHN AUDINO,
                Plaintiff,
     v.

GLOBAL IVR SOLUTIONS, LLC,
WORLDLINK SERVICES CORPORATION,

                Defendants.
_____

**DECISION
and
ORDER

16-CV-796V(F)**

APPEARANCES:      THE TARANTINO LAW FIRM, LLP
                          Attorneys for Plaintiff
                          JENNA S. BURKE,
                          KEVIN P. WICKA, of Counsel
                          1500 Rand Building
                          14 Lafayette Square
                          Buffalo, New York   14203

                          ADAM LONG and WILLIAM LONG,
                            Managing partners and owners of Defendants
                          Global IVR Solutions, LLC and
                          Worldlink Services Corporation
                          1330 Niagara Falls Boulevard, Suite 200
                          Tonawanda, New York   14120

In this action alleging ERISA, FLSA, New York State Labor Law violations and breach of contract, Plaintiff by papers filed December 11, 2017 (Dkt. 28) moves, pursuant to Fed.R.Civ.P. 37(d), to compel to the deposition of Defendants' representative, Adam Long ("Adam Long" or "Long"), as a principal owner of Defendants and a managing partner of Defendant Worldlink originally scheduled for October 17, 2017.  Dkt. 28-1 ¶¶ 5, 16.  However, Defendants' then attorney, Julie P. Apter, Esq., upon whom Plaintiff had served the deposition notice for Long, *see* Dkt. 28-2, advised Plaintiff's counsel that because Long had recently failed to communicate with

Ms. Apter specifically regarding the Plaintiff's deposition notice, she did not believe he would appear at the scheduled deposition. *See* Dkt. 28-3. In an attempt to avoid the need for Plaintiff filing a motion to compel at that time, Long's deposition was reschedule by agreement of Plaintiff's counsel and Ms. Apter to November 28, 2017. *Id.* ¶¶ 18-20. On November 21, 2017, Ms. Apter again advised Plaintiff's counsel that Long had failed to respond to her repeated attempts to confirm Long's appearance for the rescheduled deposition. *See* Dkt. 28-4. At a hearing on Plaintiff's motion, conducted January 8, 2018 (Dkt. 33), Ms. Apter informed the court of her inability to communicate with Long and the court requested Ms. Apter make one further attempt to ascertain Defendants' intentions with respect to representation in order to avoid the need to withdraw. By letter filed January 12, 2018 (Dkt. 34), Ms. Apter advised her effort to ascertain Defendants' intentions had failed and that she would proceed with a motion to withdraw. *See* Dkt. 34. Thereafter, Ms. Apter moved, on January 23, 2018, to withdraw (Dkt. 35), based on Defendants' failure to communicate with counsel with respect to Long's scheduled deposition and Defendants' defense, Dkts. 31 ¶ 7, 35-1 ¶¶ 4-6, and Defendants' failure to pay Defendants' attorney's bills. *See* Dkt. 36-1 ¶ 7. A copy of the motion to withdraw, along with a copy of the court's scheduling order, was sent on January 29, 2018 to Defendants together with the court's order scheduling a hearing on the motion on March 5, 2018. At the March 5th hearing the court noted Defendants and Long had been served by U.S. mail as the court had directed together with counsel's motion to withdraw and the court's scheduling order for the motion, and that such papers had not been returned to the court as undeliverable. Dkt. 41. Following the hearing, at which Defendants did not appear, Defendants' counsel's

motion to withdraw was granted by order filed March 8, 2018 (Dkt. 37). Copies of the order were served on Adam and William Long ("the Longs"), as owners of Defendants with a reminder that corporations may appear in federal court only by an attorney. *Id.* at 2. Oral argument on Plaintiff's motion was rescheduled for April 23, 2018 and copies of Plaintiff's motion were served on Adam Long and William Long at Defendants' address. Dkt. 38, 39. At the April 23, 2018 oral argument, however, there was no appearance by Defendants through new counsel, nor did either of the Longs appear to inform the court regarding Defendants' intentions with respect to complying with Plaintiff's deposition notice and obtaining new counsel. Dkt. 40.

It is basic that parties are required to appear for a duly noticed deposition and that an unjustified failure to do so will warrant a court order directing the noticed party to appear for such deposition, *see Scott-Iverson v. Independent Health Association, Inc.*, 2016 WL 1458239, at *3 (W.D.N.Y. Apr. 14, 2016) (noticed party required to attend scheduled deposition and provide answers to questions by deposing party). As well, such failure will require an order awarding expenses including reasonable attorney fees to the moving party seeking to compel the deposition pursuant to Fed.R.Civ.P. 37(d)(3). *Id.* at 2. Here, the lack of Long's communication with Defendants' former counsel, despite counsel's repeated requests to confirm Long's appearance at his scheduled deposition, and Defendants' failure to oppose Plaintiff's motion by filing opposition papers as well as Defendants' failure, despite sufficient notice, to appear through counsel as required at the oral argument demonstrate unambiguously Plaintiff's motion is unopposed. Additionally, the record amply supports a finding that although Long may not have personally been served with Plaintiff's deposition notice, Plaintiff's notice was

properly served on Defendants' then counsel, Ms. Apter, who repeatedly advised Long of Plaintiff's deposition notice, and the initially scheduled and rescheduled deposition dates, *see*, Dkt. 28-6; 28-3, but such communications to Long were ignored. *See* Dkts. 28-3 at 3-5; 28-4 at 2; 28-6 at 4; 31 ¶ 7. The record thus supports Long was in fact adequately informed of his obligation to appear for his deposition on both October 17, 2017 and November 28, 2017, by his then attorney. Although the court may also impose other sanctions in the case of a defendant who fails to appear for a deposition, such as striking of the answer, *see* Fed.R.Civ.P. 37(d)(3) (referencing Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi)), the court declines to impose such a severe sanction at this time. *See Sheherbovskiy v. DaCapo Al Fine, Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007) (first discovery sanction should not necessarily be the most severe); *Cine Forty-Second Street Theatre Corp. v. Allied Artists Picture Corp.*, 602 F.2d 1062, 1068 (2d Cir. 1979) (harshest sanction proper where "clearly warranted"). Rather, the court will grant Plaintiff's motion and direct Long to appear for his deposition pursuant to Fed.R.Civ.P. 30(a)(1) on May 24, 2018 beginning at 10:00 a.m. at Plaintiff's counsel's office, 1500 Rand Building, 14 Lafayette Square, Buffalo, New York, 14203.

Pursuant to Fed.R.Civ.P. 37(d)(3), the court finds that Adam Long's unexcused refusal to appear for his scheduled deposition warrants sanctions and therefore Defendants shall also pay Plaintiff's expenses, including reasonable attorney fees, incurred in connection with Plaintiff's motion.

Following the conduct of Long's deposition, Plaintiff shall submit for the court's consideration a proposed amended scheduling order. If new counsel for Defendants appears, Plaintiff shall consult with such new counsel with regard to the proposed

4

amended scheduling order. Plaintiff's motion for an amended scheduling order should therefore be DISMISSED at this time without prejudice.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Dkt. 28) is GRANTED. Plaintiff's attorney shall file an affidavit of such expenses together with contemporaneous time and billing records relating to Plaintiff's motion <u>within</u> <u>10</u> <u>days;</u> Defendants' opposition may be filed <u>within</u> <u>10</u> <u>days</u> thereafter; Plaintiff may reply <u>within</u> <u>five</u> <u>days</u>. Oral argument shall be at the court's discretion. The Clerk of Court shall send copies of this Decision and Order to Mr. Adam Long and Mr. William Long at Defendants' address as indicated on the docket. Plaintiff's motion for an amended scheduling order is DISMISSED without prejudice.
SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: April 25, 2018
      Buffalo, New York

ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(A).