UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN AUDINO,

Plaintiff,

v.

GLOBAL IVR SOLUTIONS, LLC,
WORLDLINK SERVICES CORPORATION,

Defendants.

---

**REPORT**
**and**
**RECOMMENDATION**

**16-CV-796V(F)**

APPEARANCES:

THE TARANTINO LAW FIRM, LLP
Attorneys for Plaintiff
JENNA S. BURKE,
JUSTINA L. POTENZO,
KEVIN P. WICKA, of Counsel
1500 Rand Building
14 Lafayette Square
Buffalo, New York 14203

GLOBAL IVR SOLUTIONS, LLC
Attn: Adam Long, Managing Partner and Owner
1330 Niagara Falls Boulevard, Suite 200
Tonawanda, New York 14150

WORLDLINK SERVICES CORPORATION
Attn: Adam Long, Managing Partner and Owner
William Long, Owner
1330 Niagara Falls Boulevard, Suite 200
Tonawanda, New York 14150

## JURISDICTION

On January 24, 2017, this case was referred to the undersigned for all non-dispositive matters, Dkt. 13, by Hon. Lawrence J. Vilardo. By order filed October 1, 2018 (Dkt. 48), Judge Vilardo referred the matter to the undersigned for all non-dispositive and dispositive matters. It is now before the court on Plaintiff's motion, filed June 22, 2018, to strike Defendants' answer as a sanction and entry of a default

judgment pursuant to Fed.R.Civ.P. 37(b) (Dkt. 45) for Defendants' failure to appear at a court-ordered deposition and Plaintiff's expenses, including reasonable attorneys fees, incurred by Plaintiff in connection with Plaintiff's motion for sanctions ("Plaintiff's motion").[1]

**BACKGROUND and FACTS**[2]

This action was commenced by Plaintiff's complaint filed October 5, 2016 alleging violations of the Employment Retirement Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), the Fair Labor Standard Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), New York State Labor Law ("NYLL") §§ 195-2, 198[1][b], and state common law claims of breach of express contract, breach of implied contract, and unjust enrichment. An Amended Complaint was filed January 4, 2017 (Dkt. 10) adding claims under the NYLL, specifically §§ 191, 193, 195, 198, and 650 with respect to Defendants' failure to provide proper notice of Plaintiff's wages, untimely payment of Plaintiff's agreed upon wages, failure to maintain required records and an additional state common law for quantum meruit. Plaintiff's Second Amended Complaint, filed February 28, 2017 (Dkt. 19), also alleged Plaintiff's ERISA, FLSA, and NYLL and the state common law claims. Plaintiff's claims are based on Plaintiff's allegation that during Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff wages for full-time work during 80 pay periods between 2012 and 2015 and Defendants' failure to make required contributions in the amount of $36,893.23 to Plaintiff's 401k employee

---

[1] As the relief sought by Plaintiff's motion is considered dispositive, *see Michaels v. Banks,* 2011 WL 2118764, at *1 n.1 (N.D.N.Y. Apr. 29, 2011) (noting motion to strike answer is dispositive in nature), report *and recommendation adopted*, (2011 WL 211658 (N.D.N.Y. May 29, 2011), the undersigned submits this Report and Recommendation as required by 28 U.S.C. § 636(b)(1)(B).

[2] Taken from the pleadings and papers filed in connection with this action.

pension plan sponsored and administered by Defendants which contributions Defendants had withheld from Plaintiff's pay. Defendants' answer was filed by Defendants' attorneys Goldberg Segalla, LLP, Julie P. Apter, of counsel, on April 6, 2017 (Dkt. 23) which generally denied Plaintiff's allegations and asserted twenty-two affirmative defenses. On February 28, 2017, the initial Rule 16(b) pretrial conference was rescheduled to allow Plaintiff to file the Second Amended Complaint (Dkt. 18) and to accommodate the possibility of settlement. Following the Rule 16(b) scheduling conference conducted April 26, 2017, a scheduling order was filed requiring, *inter alia*, the completion of fact discovery by January 5, 2018 (Dkt. 25). Plaintiff's first set of interrogatories and document requests was served May 16, 2017 (Dkt. 45-1 ¶ 7). Plaintiff and Defendants participated in mediation as required by the court's ADR Plan. Dkt. 26. Defendants failed to respond to Plaintiff's document requests.[3] *Id.* ¶¶ 8-9. Despite Plaintiff's repeated efforts to obtain Defendants' compliance with Plaintiff's document requests, Defendants' document production was delayed until after September 18, 2017, after Plaintiff's threatened to file a motion to compel (Dkt. 45-1 ¶¶ 13-14). Defendants conducted Plaintiff's deposition on October 5, 2017 (Dkt. 32-2).

During the time periods alleged in the Second Amended Complaint, Plaintiff was employed as a sales and technical operations associate by Defendant Global IVR Solutions, LLC ("Global"), a local company principally owned by Mr. Adam Long ("Adam Long" or "Long") which, according to Plaintiff, provides customized interactive voice response applications to small and large businesses, multi-location enterprises, call centers, governments, and educational institutions world-wide. Dkt. 19, ¶¶ 9, 11; Dkt.

---

[3] The record does not indicate whether Defendants served answers to Plaintiff's interrogatories.

23 ¶ 5.[4] Adam Long is the Managing Partner of both Defendants, Dkt. 32-1, and majority owner of Defendant Global; William Long is a minority owner and a partner of Global and majority owner of Defendant Worldlink Services Corporation ("Worldlink"). Plaintiff alleges he was also employed by Worldlink, the parent company of Defendant Global, a related local technology company located at the same address as Global, owned by Mr. William Long ("William Long"), father of Adam Long, which provides toll free numbers, web development, and mobile marketing to small and medium sized companies. Dkt. 19 ¶¶ 5, 7, 10; Dkt. 23 ¶¶ 5 (admitting Plaintiff was Global's employee), 7 (admitting Worldlink is Global's parent corporation). Plaintiffs also alleges that 90% of Plaintiff's services were performed on behalf of Defendant Worldlink, Dkt. 19 ¶ 23, Dkt. 23 ¶ 12, a fact denied by Defendants. Dkt. 19 ¶ 12.

Upon receiving Defendants' responses to Plaintiff's document requests Plaintiff served on September 7, 2017, Defendants' attorney, Julie Apter ("Apter"), Dkt. 28-2, with a deposition notice for Adam Long as Defendants' Rule 30 witness,[5] *see* Dkt. 28-2, based on his status as a principal owner of Global and as the managing partner of Global and Worldlink, *see* Dkt. 45-1 ¶ 5; Dkt. 32 ¶¶ 3, 11, scheduled by Plaintiff for October 17, 2017 (*see* Dkt. 28-1 ¶¶ 5, 16). However, three days before Long's deposition date, Apter informed Plaintiff's counsel that because Long had recently failed to respond to Apter's attempts to communicate by e-mail, Dkt. 28-4 at 2, telephone calls, *id.,* with Long regarding the scheduled deposition, presumably to prepare Long for the deposition, she had doubts, despite such notices, whether Long would appear for

[4] Because the Second Amended Complaint contains two paragraph 5s, Defendants' Answer also contains two paragraph 5s in response.

[5] The notice does not reference Fed.R.Civ.P. 30(b)(6); it only references Rule 30.

the deposition. *See* Dkt. 28-3 at 3, 4, 5. Based on her inability to communicate, specifically Long's failure to return her repeated phone calls or respond to her e-mails, phone calls and letters concerning the litigation and, specifically, Plaintiff's scheduled deposition, Dkt. 28-4 at 2, Apter cancelled Long's deposition on October 16, 2017. Dkt. 45-1 ¶ 17; Dkt. 28-3 at 3. To avoid the need for Plaintiff' motion to compel that would become necessary should Long in fact fail to appear at a rescheduled deposition, the parties agreed to reschedule Long's deposition to November 28, 2017. Dkt. 28-3 ¶¶ 18-20; at 2. On November 21, 2017, Apter again advised Plaintiff's counsel that Long had failed to respond to her repeated attempts to confirm his appearance for the rescheduled deposition. *See* Dkt. 28-4 at 2.

In response to Apter's communications, warning Plaintiff of Adam Long's failure to cooperate with his attorney and expected refusal to attend his deposition, Plaintiff filed, on December 11, 2017 (Dkt. 28), a motion to compel Long's deposition. At a hearing on Plaintiff's motion to compel conducted on January 8, 2018 (Dkt. 33), Apter informed the court of her continuing difficulties in communicating with Long regarding Plaintiff's deposition notice indicating a need for her law firm to withdraw as Defendants' counsel for that and other reasons. Dkt. 33. In an effort to avoid the need for a ruling on Plaintiff's motion or for Apter to file a motion for leave for her firm to withdraw, at the court's request, Apter agreed to make one further attempt to obtain Long's cooperation and appear for the deposition. Dkt. 33. By letter, filed January 12, 2018 (Dkt. 34), Apter informed the court and Plaintiff she had again been unsuccessful in obtaining a response from Long and therefore will be required to move to withdraw. Apter's motion to withdraw was filed January 23, 2018 (Dkt. 35) based on Defendants' failures,

particularly with respect to Adam Long's deposition, to cooperate with counsel and to pay counsel's outstanding invoices for legal services to Defendants in connection with Apter's representation in this matter. Apter also sent a copy of Plaintiff's motion advising of her intention to withdraw to Defendants by certified mail but as of January 23, 2018, had received no response. Dkt. 35-1 ¶ 6. At the court's direction, copies of Defendants' counsel' motion to withdraw, together with the court's order scheduling a hearing on the motion for March 5, 2018 and requesting Defendants inform the court of their intention with respect to the motion and future representation by counsel, was sent by the Clerk of Court to Defendants by First Class U.S. Postal Service mail. Dkt. 36.

At the March 5, 2018 hearing, at which Defendants did not appear in person or by counsel (nor did Defendants advise the court of Defendants' intention regarding representation), the court ascertained on the record that as the January 23, 2018 mailing to Defendants' had not been returned to the Clerk of Court as undeliverable supporting Defendants had received both copies of the motion to withdraw as well as the scheduling order regarding Apter's motion together with the court's request that Defendants inform the court as to their intentions regarding representation (the court having informed Defendants, in the Scheduling Order on the motion to withdraw, that a corporation must proceed in federal court by counsel), and that as Defendants failed to respond to the motion to withdraw, Defendants did not oppose the motion to withdraw. Dkt. 41. Defendants' counsel's motion to withdraw was accordingly granted by the court on March 8, 2018 (Dkt. 37). The court returned its attention to Plaintiff's motion to compel Long's deposition scheduling oral argument on Plaintiff's motion for April 23, 2018 and, as with the motion to withdraw, directed copies of Plaintiff's motion to compel

be served on Adam Long and William Long at Defendants' local address as it appears on the court's docket by First Class U.S. Postal Service mail. Dkts. 38, 39. At the April 23, 2018 hearing on Plaintiff's motion, Defendants failed to appear either by new counsel or in person nor was there was any written response by Defendants to the court's request for Defendants' statement of Defendants' intention with respect to Defendant's further representation. The court ascertained that copies of Plaintiff's motion and the court's scheduling order which had, at the court's direction, been mailed to Defendants had not been returned to the Clerk of Court as undeliverable. Dkt. 40.

By Decision and Order filed April 25, 2018 (Dkt. 42) ("the April 25, 2018 D&O"), Plaintiff's motion to compel was, accordingly, granted without Defendant's opposition. In the April 25, 2018 D&O the court found that based on the court's mailing of a copy of Plaintiff's motion to compel and a copy of the court's scheduling order to Defendants and Defendants' failure to respond or appear, Defendants had failed to oppose Plaintiff's motion; however, the court also declined to grant Plaintiff's request that Defendants be sanctioned by a striking of Defendants' answer. Dkt. 42 at 4. Instead, the court granted Plaintiff's motion and ordered Long to appear for an oral deposition on May 24, 2018 at 10:00 a.m. at Plaintiff's counsel's office. Dkt. 42 at 4. The court, as required by Fed.R.Civ.P. 37(d)(3), also granted Plaintiff's request for expenses including reasonable attorneys fees, April 24, 2018 D&O at 4, directing Plaintiff to file counsel's affidavit in support and providing Defendants' opposition to be filed within 10 days, and again directed copies of the D&O be served by the Clerk of Court on Adam Long and William Long at Defendants' local address by U.S. Postal Service First Class mail. Plaintiff's request for attorneys fees was filed May 7, 2018 (Dkt. 43-2). In its Decision

and Order on Plaintiff's request for expenses, filed May 31, 2018 (Dkt. 44) ("the May 31, 2018 D&O"), the court noted that Defendants had failed to file any opposition to Plaintiff's fee request by May 5, 2018, as directed by the April 25, 2018 D&O and to date no opposition had been filed supporting the court's finding that Defendants did not oppose Plaintiff's expense request. The court, accordingly, granted Plaintiff's fees and expenses incurred in connection with prosecuting Plaintiff's motion to compel in the amount of $9,200.40 and directed Defendants' payment within 30 days.

As indicated, *supra,* by papers filed June 22, 2018, Plaintiff again moved for sanctions based on Adam Long's failure to appear for the May 24th deposition in accordance with the direction of the April 25, 2018 D&O, attaching as Exhibit A (Dkt. 45-3) a copy of a transcript by a certified court stenographer of the proceeding on that date evidencing Adam Long's failure to appear as ordered by the court and requesting Defendants be sanctioned by entry of a default judgment and awarding expenses, including attorneys fees, in connection with Plaintiff's motion for sanctions (Dkt. 45-1 ¶¶ 33, 34) pursuant to Fed.R.Civ.P. 37(b)(2)(A), (C). Plaintiff's Notice of Motion indicated Plaintiff's motion was served on Defendants at Defendants' local address. By Order filed June 25, 2018 (Dkt. 46), Defendants were directed to respond to Plaintiff's motion for sanctions not later than July 25, 2018; the Clerk of Court was again directed to serve copies of the Order and Plaintiff's motion papers on Adam Long and William Long at Defendants' local address by U.S. Postal Service First Class mail. To date, no response by Defendants has been received nor have any of the court's mailings to Defendants in connection with Plaintiff's motion for sanctions been returned to the court

as undeliverable. Based on the foregoing, Plaintiff's motion (Dkt. 45) should be GRANTED and a hearing to determine Plaintiff's damages should be conducted.

**DISCUSSION**

In this case Plaintiff requests the court impose the sanction of default judgment against Defendants based on Adam Long's failure to comply, as managing partner and principal owner of Defendant Global and managing partner and an owner of Defendant Worldlink, with Plaintiff's October 2017 notice of deposition rescheduled from October 17, 2017 to November 28, 2017 by agreement of Plaintiff's and Defendants' counsel, and from the court's order in the April 25, 2018 D&O directing Adam Long to appear for an oral deposition to be conducted on May 24, 2018 commencing at 10:00 a.m. at Plaintiff's counsel's office. As established by Plaintiff's motion for sanctions (Dkt. 45-3), Adam Long failed to appear for the rescheduled November 28, 2017 deposition and to comply with the court's order to be deposed on May 24, 2018. The record amply supports Long was made aware of the deposition date by virtue of Apter's repeated communications to him using e-mails and telephone calls, Dkt. 28-4 at 2. *See* Dkt. 28-3 ("Adam Long has not confirmed that he will be present [for the deposition]."), Dkt. 28-4 ("I honestly think Adam Long will not show up on Tuesday."). Under Rule 37 of the Federal Rules of Civil Procedure the district court has wide discretion to impose sanctions against a party for failing to comply with court-ordered discovery, including, the severe sanctions of "striking pleadings in whole in or part" and "rendering a default judgment against the disobedient party." Fed.R.Civ.P. 37(b)(2)(A)(iii) and (vi). Rule 37 sanctions are applicable in "extreme circumstances," where "a party fails to comply with the court's discovery orders willfully, in bad faith, or through default." *John B. Hull, Inc.*

*v. Waterbury Petroleum Products, Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988) (internal citations omitted). A default judgment as a sanction pursuant to Fed.R.Civ.P. 37(b)(2)(A)(vii) is warranted where a party's disobedience is willful, in bad faith or otherwise culpable. *See Southern New England Telephone Co. v. Global NAPs Inc.*, 624 F.3d 123, 143 (2d Cir. 2010); *Jones v. J.C. Penney's Dep't Stores*, 228 F.R.D. 190, 196 (W.D.N.Y. 20005). Factors to be considered by the district court in exercising its discretion to impose Rule 37(b) sanctions include "(a) the willfulness of the non-compliant party or the reasons for the non-compliance; (2) the efficacy of lesser sanctions; (3) the duration of noncompliance; and (4) whether the non-compliant party had been warned of the consequences of noncompliance." *Agiwal v. Mid Island Mortgage Corporation,* 555 F.3d 298, 302 (2d Cir. 2009) (internal quotation marks and alteration omitted). Where an answer is struck and default judgment entered, if the claimed damages are, as in this case, unliquidated such sanctions are limited to defendant's liability on plaintiff's claims requiring the court to conduct a hearing to establish the plaintiff's provable damages. *See Complexions, Inc. v. Industry Outfitters, Inc.*, 2011 WL 806828, at **1-2 (N.D.N.Y. Mar. 2, 2011) (granting plaintiff's motion for default judgment and request for hearing to assess unliquidated damages).

In opposition to Plaintiff's motion to compel Defendants asserted that Adam Long's deposition "would be a [*sic*] representative of Global IVR Solutions," (Dkt 31 ¶ 4); however, Defendants' Rule 26(a) disclosure on behalf of Defendants served May 15, 2015, over two years before Plaintiff's October 2017 deposition notice, specifically states Adam Long is a "Managing Partner" and William Long is a "Partner" of both Defendants without any differentiation of the roles of Adam and William Long between

the two corporate Defendants. Dkt. 32-1 ¶ 1. *See Probatter Sports, LLC v. Sports Tutor, Inc.*, 2016 WL 1178051, at **6-8 (D.Conn. Mar. 23. 2016) (representation made in Rule 26(a) disclosure binding on disclosing party where party failed to timely supplement disclosure and opposing party relies on representation provided in such disclosure). Accordingly, contrary to Defendants' assertion, the court finds Plaintiff's deposition notice, while not specifically stating Adam Long was being deposed as Defendants' Rule 30(b)(6) witness, was, notwithstanding, directed to Adam Long in his representative capacity as Managing Partner of both Defendants. Here, the record supports a finding that Defendants Global and Worldlink are guilty of a willful refusal to comply with the court's direction in the April 25, 2018 D&O to appear for a deposition by Adam Long in his capacity as Managing Partner of both Defendants and as a principal owner of Defendant Global. Dkt. 45-1 ¶ 5.

Specifically, Defendants were provided with notice of Plaintiff's motion to compel, Dkt. 38, 39, that Defendants' response was to be filed April 5, 2018 (Dkt. 38), and that oral argument on Plaintiff's motion was scheduled before the court for April 23, 2018. *Id.* Defendants were also provided a copy of the order granting, without Defendants' opposition, Defendants' counsel's motion to withdraw together with a written statement advising Defendants that corporations must proceed by counsel in federal courts, Dkt. 37, as Defendants' counsel had also previously advised Defendants. Dkt. 34 (January 12, 2018 Letter from Julie P. Apter, Esq. to court informing the court of counsel's January 9, 2018 letter to Adam Long regarding Apter's intention to withdraw and advising Defendants that a corporation may not proceed *pro se* in federal court). Nevertheless, Defendants failed to file any opposition to Plaintiff's motion to compel nor

did Defendants make any effort to inform the court of their intention with respect to retaining counsel in order to proceed with a defense of this action as Defendants had been requested by the court to do in connection with Defendants' counsel's motion to withdraw. *See* Dkt. 37. Additionally, Adam Long's apparent indifference to Defendants' obligation to comply with Plaintiff's notice of deposition is also manifested by Long's unexplained refusal to communicate with Defendants' counsel regarding his deposition. Thus, Adam Long's failure to comply with the court's direction that he appear at a deposition on May 24, 2018 as Defendants' representative can only be construed as willful. *See also Burns v. Imagine Films Entertainment, Inc.*, 164 F.R.D. 594, 599 (W.D.N.Y. 1996) ("open unequivocal defiance of a court order is sufficient to support a finding of bad faith or wilful misconduct") (citing *Thomas E. Hoar, Inc. v. Sara Lee Corp*., 900 F.2d 522, 524 (2d Cir. 1990)); *see also Keywell L.L.C. v. Pavilion Building Installation Systems, Ltd.*, 2013 WL 12310615, at **2-3 (W.D.N.Y. Feb. 7, 2013).

As to the second factor, the efficacy of any lesser sanction, the record also shows, that when Plaintiff's motion was first presented, the court declined to impose stronger sanctions, such as striking of Defendants' answer, Dkt. 42 at 4, electing instead to direct Adam Long to appear for a deposition on May 24, 2018 and, as required, awarded Plaintiff's expenses including attorneys fees as a sanction pursuant to Fed.R.Civ.P. 37(d)(3) ("Rule 37(d)(3)"). Dkt. 42 at 4. Copies of the April 25, 2018 Decision and Order were mailed to both Adam Long and William Long at Defendants' address at the court's discretion and were not returned as undeliverable. Despite imposing such lesser sanction, Adam Long nevertheless failed to appear for his deposition on May 24th as the court directed. Given Defendants' inexplicable

intransigence in refusing to comply with the court's direction, it is therefore difficult to see how, on this record, any lesser sanction would be reasonably likely to gain Long's compliance thereby leaving the court with little choice but to impose the severe sanction of striking the Answer and imposing a default judgment against Defendants pursuant to Rule 37(b)(2)(iii) and (vi). *See S.E.C. v. Setteducate*, 419 Fed.Appx. 23, 25 (2d Cir. 2011) ("the record demonstrates that a lesser sanction would have been ineffective in light of [defendant's] repeated and unwavering refusal to attend his deposition"); *see also Keywell, L.L.C.*, 2013 WL 12310615 at **2-3.

The third factor – the duration of non-compliance – also supports these sanctions. Specifically, Defendants failed to communicate with Defendants' counsel regarding Adam Long's deposition which had originally been noticed by Plaintiff scheduled for October 17, 2017, but was rescheduled for November 28, 2017 because of Long's abrupt failure to communicate with his attorney which failure necessitated counsel's subsequent withdrawal, in part to avoid subjecting herself and her firm to likely sanctions. Thereafter, Defendants' refusal to respond to counsel's motion to withdraw and the court's specific request that Defendants respond to Plaintiff's motion to compel further delayed by several months compliance with Plaintiff's deposition notice and a ruling on Plaintiff's request for sanctions. Moreover, Long's failure to appear on May 24, 2018 as directed is further compounded by the fact that, to date, Long has made no attempt, of which the court has been made aware, to cure his non-compliance. Thus, the period of non-compliance, on this record, can be safely described as excessive and unexcused warranting a severe sanction. *See Vazquez v. Davis*, 2014 WL 5089457, at *6 (S.D.N.Y. Sept. 19, 2014 (adopting report

recommending dismissal of *pro se* litigant's § 1983 action where plaintiff failed to respond to discovery demands for more than 11 months despite explicit and multiple warnings and multiple extensions of time).

The fourth factor of whether Defendants were sufficiently warned of the consequences of non-compliance with the court ordered deposition also supports the requested sanctions. Although the April 25, 2018 D&O did not specifically admonish Defendants that Adam Long's failure to appear for the May 24th deposition as the court directed, could result in potential sanctions of striking Defendants' answer and a default judgment, the April 25, 2018 D&O, in awarding Plaintiff's attorneys' fees as a required sanctions, pursuant to Rule 37(d)(3), unambiguously stated that although in response to a party's failure to provide required discovery, including, as here, a court-ordered oral deposition, the court is empowered to impose on the refusing party other sanctions including "striking of the answer, *see* Rule 37(d)(3) (referencing Fed.R.Civ.P. 37(b)(2)(A)(i)-(vi)), the court declines to impose such severe sanction at this time." April 25, 2018 D&O at 4 (citing authorities) (underlining added). Moreover, Plaintiff's present motion for sanctions requests several forms of sanctions including default, striking Defendants' answer, holding Adam Long in contempt, and Plaintiff's expenses yet Long has continued to fail for more than 19 months to respond to Plaintiff's motion. Dkt. 45 at 1. Given the explicit nature of the court's statement in April 25, 2018 D&O highlighting that more severe sanctions could be imposed for Long's further non-compliance with the court ordered deposition, and Plaintiff's current request for such sanctions together with Defendants' unexplained lack of response, the court finds that Defendants have been adequately warned that their continued non-compliance could result in the severe

sanctions requested by Plaintiff. *See S.E.C. v. Razmilovic*, 738 F.3d 14, 26-27 (2d Cir. 2013) (affirming in relevant part district court imposing default judgment as sanction against defendant who failed to appear for deposition despite being warned in single court order that failure to appear would risk incurring sanctions including default judgment); *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 451-53 (2d Cir. 2013) (affirming entry of default judgment against defendant who was warned at his first appearance without counsel about sanctions for non-compliance with discovery). Thus, on this record, Plaintiff's request that the court strike Defendants' answer, and order entry of a default judgment is fully warranted. Given the record supports Plaintiff's request to strike the Answer and grant a default judgment as to Defendants' liability, it is unnecessary to determine whether Adam Long should also be held in contempt as Plaintiff alternately requests. *See* Dkt. 45 at 1.

## CONCLUSION

Based on the foregoing, Plaintiff's motion should GRANTED in part, and DISMISSED as moot in part. The Answer should be stricken and a Default Judgment entered in favor of Plaintiff as to Defendants' liability on Plaintiff's federal and state law claims. The matter should be recommitted to the undersigned for an evidentiary hearing on the question of Plaintiff's damages and a further Report and Recommendation to the district judge.

Respectfully submitted,

/s/ *Leslie G. Foschio*
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 13, 2019
Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and by First Class Mail U.S. Postal Service to the Defendants as follows: Global IVR Solutions, LLC, Attn: Adam Long, Managing Partner and Owner, 1330 Niagara Falls Boulevard, Suite 200, Tonawanda, New York, 14150 and Worldlink Services Corporation, Attn: Adam Long, Managing Partner and Owner, and William Long, Owner, 1330 Niagara Falls Boulevard, Suite 200, Tonawanda, New York, 14150.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: May 13, 2019
Buffalo, New York